Patricia Mary AGUIRRE, as the personal representative of the estate of Raymond Leo Aguirre and as an individual; Raymond Junie Aguirre, a minor, as an individual, by and through his guardian ad litem, Felicia Rae Valdez, Plaintiffs—Appellants,

v.

CITY OF WEST COVINA; Kenneth Davis, Officer, Defendants— Appellees.

No. 04–56184.

D.C. No. CV–03–00621–CJC.

United States Court of Appeals, Ninth Circuit.

Argued and Submitted June 6, 2006.

Decided June 30, 2006.

David Kyle, Esq., Los Angeles, CA, Robert Scott Shtofman, Esq., Encino, CA, for Plaintiffs–Appellants.

Roger A. Colvin, Esq., Alvarez–Glasman and Colvin, West Covina, CA, for Defendants–Appellee.

Before THOMAS and GOULD, Circuit Judges, and SCHWARZER,* District Judge.

## MEMORANDUM **

Plaintiff Patricia Aguirre appeals the district court's order granting summary judgment to defendants Officer Kenneth Davis and the City of West Covina. Officer Davis shot and killed Raymond Aguirre, the son of Patricia Aguirre, while he was banging on the front door of 832 West Michelle.[1] Raymond Aguirre had run desperately to that door while being pursued by Officer Davis who had observed Aguirre speeding and committing various traffic infractions. Patricia Aguirre sued Davis and the City under 42 U.S.C. § 1983, alleging that Officer Davis's use of deadly force violated the Fourth Amendment, and that a municipal policy or custom caused a constitutional violation, making the City liable under *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978).[2] The district court concluded that Officer Davis was entitled to qualified immunity because "Davis' use of deadly force was reasonable to protect the public from serious harm," and that the City was entitled to summary judgment because Appellants did not produce evidence that a municipal policy or custom caused Officer Davis's allegedly unconstitutional conduct.

---

* The Honorable William W Schwarzer, Senior United States District Judge for the Northern District of California, sitting by designation.

** This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir. R. 36–3.

1. Because the parties are familiar with the facts and the procedural history underlying this appeal, we mention them only where necessary to explain our decision.

2. A claim under 42 U.S.C. § 1983 survives the decedent if the claim accrued before the decedent's death and if state law authorizes a survival action. 42 U.S.C. § 1988(a); *Moreland v. Las Vegas Metro. Police Dep't*, 159 F.3d 365, 369 (9th Cir.1998). Under California law, if an injury giving rise to liability occurs before a decedent's death, then the claim survives to the decedent's estate, and the decedent's personal representative, here Patricia Aguirre, may prosecute the action. *See* Cal. Civ.Proc.Code § 377.30.

The law governing the use of deadly force has been delimited by the United States Supreme Court: A police officer may use deadly force to apprehend a fleeing suspect if "the officer has probable cause to believe that the suspect poses a threat of serious physical harm, either to the officer or to others." *Tennessee v. Garner*, 471 U.S. 1, 11, 105 S.Ct. 1694, 85 L.Ed.2d 1 (1985). We consider the facts underlying this excessive force claim from the perspective of a reasonable officer, without regard to the officer's subjective motivation for using force. *Graham v. Connor*, 490 U.S. 386, 396, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989).

■ In opposition to summary judgment, Appellants urged that the record showed genuine issues of material fact, including whether Raymond Aguirre told Officer Davis: "Stay back. I have a gun." In his deposition, Davis had testified that Aguirre made the alleged statement while standing at the door of 832 West Michelle, shortly before Davis fired. Two eyewitnesses, however, gave testimony unequivocally indicating that they did not hear Aguirre say that he had a gun. Both witnesses were *within fifteen feet of 832 West Michelle* when Officer Davis shot Aguirre.

The district court decided that this factual dispute was irrelevant because, in its view, Davis had probable cause to believe that Aguirre posed a serious threat of physical harm to the occupants of 832 West Michelle even if he did not have a gun. We understand how the district court could have reached this conclusion in light of Aguirre's persistent evasive conduct, and his demonstrably aggressive behavior at the home's entrance, but we disagree because we think more was required to justify the intentional use of deadly force.

■ Although Davis testified that he considered Aguirre to be a threat to every-one in the surrounding area until he was apprehended, Officer Davis's subjective considerations are irrelevant. *See id.* Davis testified that Aguirre neither threatened, nor accosted anyone on West Michelle. When disputed facts are put to the side and all inferences are given to Appellants as the non-moving parties, the record does not support a conclusion that Aguirre posed a threat of serious physical harm to those in the area. The only evidence in the summary judgment record suggesting plainly that Aguirre posed a threat of serious physical harm is Officer Davis's testimony that Aguirre said he had a gun, and we have concluded that the testimony of other witnesses who did not hear any reference to a gun renders that a disputed fact.

The district court noted that a fleeing felon who enters a home "could enter the kitchen, find a knife, and hold hostage any man, woman, or child inside." This is true, but that possibility was speculative on the record here, and the Supreme Court has said that an officer may use deadly force only when a fleeing suspect poses a threat of serious physical harm, *Garner*, 471 U.S. at 11, 105 S.Ct. 1694, not merely when a suspect potentially could pose such a threat. Our perceptions are clouded by the differing facts attested by Davis and the other witnesses; if one credits Davis's testimony, then the use of deadly force might be found to be reasonable to stop a desperate person under circumstances indicating the person was armed. But here, we cannot credit Davis's statements on an opposed motion for summary judgment, in light of the other witnesses' conflicting rendition of the final exchanges between Aguirre and Davis. We conclude that the undisputed facts did not show that Aguirre's entry into 832 West Michelle was likely to harm Officer Davis or the occupants of 832 West Michelle. Viewing the disputed facts in Appellants' favor and

giving them all reasonable inferences, we hold that from an objective standpoint there was not sufficient demonstrated risk to others to justify the use of deadly force. *See id.* Accordingly, we reverse the summary judgment and hold that a reasonable jury could have found that Officer Davis violated Aguirre's Fourth Amendment rights.

Because the district court concluded that Officer Davis did not violate Raymond Aguirre's rights, it did not decide whether Officer Davis's use of force would have violated clearly established law. This issue must be decided in light of the particular facts underlying Officer Davis's use of deadly force, and here those facts are disputed. Thus, we remand this appeal to the district court for trial on the issue whether Officer Davis is entitled to qualified immunity. A jury must determine whether a reasonable police officer in the circumstances confronting Davis would have concluded that deadly force should be used against Aguirre.

As for Appellants' claims under *Monell,* we agree with the district court's analysis. Appellants assert that Officer Davis testified that he was trained to use deadly force regardless of whether a suspect posed a threat. This is not so. Rather, Officer Davis testified that his instructors taught him that the decision whether to use deadly force turned on several factors, including: "[T]he threat and the totality of the circumstances, the crimes committed. That is some of the instructions that I received." Viewed in the light most favorable to Appellants, this testimony would not permit a reasonable finder of fact to conclude that a municipal policy or custom caused Officer Davis's allegedly unconstitutional conduct. Consequently, the district court correctly granted summary judgment to the City of West Covina, *see Monell,* 436 U.S. at 694, 98 S.Ct.

2018, and we affirm the district court in this respect.

Appellants are entitled to recover costs on their appeal from the district courts order granting summary judgment to Officer Davis, and such costs shall be borne by Davis. Appellee City of West Covina is entitled to recover costs on Appellants' appeal of the summary judgment to the City, and such costs shall be borne by Appellants.

AFFIRMED in part, REVERSED in part.